UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TANYA BEVEL,

      Plaintiff,

v.                              Case No.:  8:24-cv-120-DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Tanya Bevel seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

**B.    Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff applied for supplemental security income benefits on October 26, 2020, alleging disability beginning on December 27, 2018. (Tr. 186, 363-71).[1] The

---

[1] In the decision, the ALJ noted that supplemental security income is not payable prior to the

application was denied initially and on reconsideration. (Tr. 186, 190). Plaintiff requested a hearing, and on March 16, 2022 and November 17, 2022, hearings were held before Administrative Law Judge Carl McGhee ("ALJ"). (Tr. 62-77, 121-41). On May 11, 2023, the ALJ entered a decision finding Plaintiff not under a disability since October 26, 2020, the date the application was filed. (Tr. 40-50). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on November 13, 2023. (Tr. 1-6). Plaintiff filed a Complaint (Doc. 1) on January 12, 2024, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

**D.    Summary of ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 26, 2020, the application date. (Tr. 42). At step two, the ALJ found that Plaintiff had the following severe impairments: "osteoarthritis, lumbago, other intervertebral disc degeneration, lumbar disc prolapse, spondylosis, degenerative joint disease, major depressive disorder, generalized anxiety disorder and post-traumatic stress disorder." (Tr. 42-43). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of

---

month following the month in which the application was filed, citing 20 C.F.R. § 416.335. (Tr. 41). Even so, the ALJ stated that he considered the complete medical history. (Tr. 41).

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 43).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b) except lift and/or carry 20 pounds occasionally, 10 pounds frequently; stand and/or walk for 6 hours in an 8 hour day; sit for 6 hours in an 8 hour day; requires a sit/stand option with an alternating interval of 1-2 hours while remaining on task; occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no climbing of ladders and scaffolds; no working around high exposed places, extreme cold, and vibrations; occasional work around moving mechanical parts; able to understand, remember, and carry out simple instructions; able to perform simple, routine, repetitive tasks; limited to work that requires occasional changes in the work setting; limited to work that requires occasional interaction with the public, coworkers, and supervisors.

(Tr. 45).

At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work as a fast-food worker, data entry clerk, salesclerk, telephone solicitor, and appointment clerk. (Tr. 48-49). At step five, the ALJ found that considering Plaintiff's age (47 years old on the date the application was filed), education (limited), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 49). Specifically,

the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1)  Marker, DOT 209.587-034,[2]

(2)  Routing Clerk, DOT 222.687-022

(3)  Order Clerk, DOT 209.667-014

(Tr. 49-50). The ALJ concluded that Plaintiff had not been under a disability since October 26, 2020, the date the application was filed. (Tr. 50).

## II.    Analysis

On appeal, Plaintiff argues that the Appeals Council erred in finding a July 11, 2023 medical record from Mark Sando, M.D. of Orthopaedic Medical Group not chronologically relevant. (Doc. 21, p. 3-6; Tr. 12-15). Plaintiff claims that this medical record supports Plaintiff's hearing testimony that she had severe pain and burning not only in her back but also in her shoulders. (Doc. 21, p. 3-4).

"'With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process,' including before the Appeals Council." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram v. Comm'r of Soc., Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir.2007)). Under new regulations effective in 2017,[3] the Appeals Council will

---

[2]  DOT refers to the *Dictionary of Occupational Titles*.

[3]  In 2016, 20 C.F.R. § 404.970 was amended, effective January 17, 2017, but with compliance not

review a case when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5); 20 C.F.R. § 416.1470(a)(5). New evidence is chronologically relevant if it relates to the period on or before the date of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018). "Evidence is material if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Atha*, 616 F. App'x at 936. The new regulation added an additional requirement that the Appeals Council "will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 416.1435…." 20 C.F.R. § 404.970(b); 20 C.F.R. § 416.1470(b).

If the ALJ's decision is contrary to the weight of the evidence – including the new evidence – then the Appeals Council must grant the petition for review. *Hargress*, 883 F.3d at 1309 (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014)). But the Appeals Council need not give a detailed explanation or further address each piece of new evidence individually. *Id.*

On July 11, 2023, Plaintiff saw Mark Sando, M.D. for bilateral shoulder pain. (Tr. 12-15). Plaintiff reported that her symptoms started several years ago, not

---

required until May 1, 2017. *See* 81 Fed. Reg. 90987, 90996 (Dec. 16, 2016).

related to any injury. (Tr. 12). She claimed her pain worsened at night and with overhead motion. (Tr. 12). She had previously gone to physical therapy with no improvement and had undergone bilateral MRIs. (Tr. 12). On examination, Dr. Sando found Plaintiff had pain in the shoulders with overhead motion, had full range of passive motion, and full strength bilaterally. (Tr. 14). Dr. Sando reviewed the diagnostic imaging dated November 11, 2022, which showed evidence of arthritis in the shoulder joints, "mild rotator cuff tendinopathy with mid-grade tear articular surface partial tear of the supraspinatus tendon, moderate AC joint and GH joint osteoarthritis" in the left shoulder, and "mild rotator cuff tendinopathy, mild AC joint osteoarthritis, moderate GH joint osteoarthritis" in the right shoulder. (Tr. 15). He assessed her with tendinitis of the right and left rotator cuff, subacromial bursitis of the right and left shoulder joints, impingement syndrome of the right shoulder, and subacromial impingement of the left shoulder. (Tr. 12). He prescribed physical therapy. (Tr. 12).

On November 13, 2023 the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). Plaintiff had submitted additional evidence, including the July 11, 2023 medical record from Orthopaedic Medical Group. (Tr. 2). The Appeals Council considered this evidence (along with other evidence not at issue here) and determined that " [t]he Administrative Law Judge decided your case through May 11, 2023. This additional evidence does not relate to the period at issue. Therefore,

it does not affect the decision about whether you were disabled beginning on or before May 11, 2023." (Tr. 2).

The ALJ entered the decision on May 11, 2023. (Tr. 50). Two months later, Plaintiff went to Dr. Sando for bilateral shoulder pain. (Tr. 12). Plaintiff argues that Dr. Sando's medical record was chronologically relevant because it interpreted MRIs of the shoulders that were taken before the date of the decision on November 11, 2022. (Doc. 21, p. 4). While the MRIs were dated before the date of the decision, Dr. Sando's interpretation of these MRIs occurred two months after the decision and eight months after they were taken.

Even if the July 2023 medical record were chronologically relevant, Plaintiff failed to show that this evidence is material or in other words that there is a reasonable probability that it would change the administrative outcome. *See Atha*, 616 F. App'x at 936. Plaintiff argues that she complained multiple times of shoulder pain in 2022, prior to the ALJ's decision. (Doc. 21, p. 5 (citing Tr. 979, 983, 989, 998, 1001, 1018, 1028)). In reviewing these citations, these records reflect: (1) a medical visit on September 14, 2022, at which Plaintiff complained of bilateral shoulder pain; (2) an October 28, 2022 record that included orders only, such as labs; and (3) a December 5, 2022 telephone contact that only noted Plaintiff's prior complaint of shoulder pain. (Tr. 977-1024, 1027-1030). In sum, there is only one record in September 2022 that showed Plaintiff complained of bilateral shoulder

pain before the ALJ's decision. Interestingly, at that examination, the medical provider found Plaintiff generally had a normal range of movement in all extremities. (Tr. 982).

In the July 2023 record, Plaintiff complained of bilateral shoulder pain that worsened with overhead motion. (Tr. 12). After an examination and review of the November 2022 MRIs, Dr. Sando referred Plaintiff to physical therapy. (Tr. 12-15). Dr. Sando included no functional limitations in the medical record. (Tr. 12-15). Plaintiff posits that the July 2023 medical record would change the outcome of the decision because there is a "reasonable possibility" that this medical record alone would have caused the ALJ to limit Plaintiff's ability to reach. (Doc. 21, p. 6). If limited, Plaintiff argues that all the listed jobs require frequent reaching and Plaintiff could not have performed them with a limited ability to reach. (Doc. 21, p. 6). Plaintiff makes assumptions with no supporting evidence. Dr. Sando did not limit Plaintiff's ability to reach and Plaintiff fails to cite any records to support such a limitation. Without further support, Plaintiff has not shown that this July 2023 medical record alone – if chronologically relevant – is material such that there is a reasonable probability that this evidence would change the administrative outcome. The Appeals Council did not err in its decision.

## III.    Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 3, 2025.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties